UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

500 NORTH AVENUE, LLC, a
Connecticut Limited Liability Company  :   CASE NO.

             Plaintiff

vs.                        :

THE CITY OF BRIDGEPORT, CONNECTICUT,
a Municipal Corporation; and        :   AUGUST 9, 2010
DENNIS BUCKLEY in his official
capacity as Zoning Official and the   :
Bridgeport Planning and Zoning
Commission               :

          Defendants

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.

### JURISDICTION AND VENUE

1. Plaintiff seeks Declaratory and Injunctive Relief against the enforcement of certain Zoning Ordinances of the City of Bridgeport, Connecticut on the grounds that said Ordinances violate the United States Constitution. Accordingly, Plaintiff invokes this Court's federal question jurisdiction conferred by 28 U.S.C. § 1331. Additionally, because Plaintiff seeks this relief pursuant to the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, this Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4).

2. Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants this Court the authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court deems necessary or proper. Jurisdiction over Plaintiff's state law claims are conferred by 28 U.S.C. § 1367 Chicago v. Illinois College of Surgeons, 522 U.S. 156 (1997).

3. Venue is proper in the District of Connecticut because Plaintiff's place of business is located in Bridgeport, Connecticut, which is also the location where this controversy arises.

## II

## PARTIES

4. Plaintiff 500 North Avenue LLC ("Plaintiff") is a corporation, organized and existing under the laws of the State of Connecticut with its principal place of business in Bridgeport, Connecticut. Plaintiff owns a building and land in the City of Bridgeport known as 500 North Avenue. Domenique Brazier, Member, is the authorized representative for the purpose of this action.

2

5. Defendant, City of Bridgeport, Connecticut is a municipal corporation, organized and existing under the laws of the State of Connecticut and or a governmental and political subdivision of the State of Connecticut.

6. Defendant, Dennis Buckley, is Zoning Official for the City of Bridgeport.

7. The Bridgeport Planning and Zoning Commission ("Commission") is a Commission created by Connecticut state statute and the City of Bridgeport Charter and is authorized under the Bridgeport Zoning Regulations to hear Special Permit Applications. Said Commission, in addition, is vested with all powers provided to Zoning Commissions under Chapter 124 of the Connecticut General Statutes.

### III

### COLOR OF LAW

8. Plaintiff is informed and believes, and thereon alleges that, at all times relevant to this action, the Defendant City of Bridgeport was acting through its attorneys, servants, boards, officers, administrators, employees and agents, and all of the acts alleged herein were done within the course and scope of their

3

offices, employment and agency and with the permission or at the direction of the Defendants.

9.   Plaintiff is informed and believes and thereon alleges that the actions of the Defendants alleged herein and those of their attorneys, servants, boards, officers, administrators, employees and agents were and are conducted under the color of law of the State of Connecticut and the ordinances of the City of Bridgeport, and all such conduct constitutes state action pursuant to 42 U.S.C. § 1983 and was and is under color of law pursuant to 42 U.S.C. § 1983.

## IV

### FACTS COMMON TO ALL CAUSES OF ACTION

10.   The Plaintiff, 500 North Avenue LLC, is the owner of real estate located at 500 North Avenue, Bridgeport, Connecticut and desires to open a restaurant which includes live entertainment.

11.   500 North Avenue is located in a Mixed Use Light Industrial Zoning District (MU-LI) and, as a result of a previously granted Special Permit, is allowed to operate a restaurant and retail use. A variance for said use was granted on March 14, 2006.

4

12. Live entertainment is a permitted use in a MU-LI District (Table 2.A Exhibit A) only in the event that a Special Permit is granted by the Bridgeport Planning and Zoning Commission under § 14-4 of the Bridgeport Zoning Regulations.

13. The Plaintiff desires to present a type of entertainment at its business premises to include presentation of First Amendment protected dance performances which contain, as an integral component, other communicative characteristics an emphasis on human sexuality. The performances which would take place on the Plaintiff's premises are not obscene. The female performers would perform sexually explicit dance routines. Said performers would perform either topless or nude. Said entertainment use would be classified as an "Adult Entertainment Facility" under the Bridgeport Zoning Regulation, a copy of the entire "Adult Entertainment Facility" Ordinance is attached hereto as Exhibit B.

14. Section 6.6.1, Miscellaneous Uses, (Exhibit B) defines "Adult Entertainment Facilities" as

> "Establishments, whether public or by membership, including bookstores, bars, restaurants, movie theaters, and arcades where films are shown, or digital video discs, videotapes, or other forms of electronic media, or magazines, books, or other printed matter are sold, or live performances take

5

place, that are characterized by an emphasis upon the depiction or exposure of Specified Sexual Activities or Specified Anatomical Areas. Massage parlors where services are not administered by a licensed medical practitioner, chiropractor, acupuncturist, therapist or similar person licensed by the state are also included in this Use Category.

Uses Include

Adult motion picture arcades, Adult bookstores and videostores, Adult cabarets, Adult motion picture theaters, Adult theaters, Bars featuring 'topless' or 'exotic' dancers or strip-tease performances, Massage parlors".

15. The Plaintiff's proposed entertainment use is classified as either an "adult cabaret", "adult theater" or a "bar featuring 'topless' or 'exotic' dancers and strip-tease performances". The Plaintiff does intend to sell alcoholic beverages as a part of its business plan but would operate without the sale of alcoholic beverages if the Plaintiff's on the record Zoning Appeal (Count VI) is denied.

16. Pursuant to Table 2.A of the City of Bridgeport Regulations (attached hereto as Exhibit C), an "Adult Entertainment Facility" is permitted only in a Heavy Industrial Zone, subject to obtaining a Special Permit under the aforementioned § 14-4 of the Bridgeport Zoning Regulations.

17. Section 13.4.4 of the Bridgeport Regulations provides that a violation of any zoning regulation subjects the Plaintiff to fines and injunctive procedures.

18. The Plaintiff's proposed entertainment use is not allowed, as a matter of right, on any property within the City of Bridgeport and, therefore, constitutes a total ban on the operation of an "Adult Entertainment Facility" without obtaining a Special Permit under § 14.4 of the Zoning Regulations.

19. Should the Plaintiff successfully demonstrate that the Zoning Regulations, dealing with "Adult Entertainment Facilities" is a violation of the First and Fourteenth Amendments to the United States Constitution the proposed use would then be permitted as a matter of right in a Mixed Use Light Industrial District as live entertainment is a permitted use, only subject to a Special Permit, which permit requirement is contested in this litigation.

20. Should the Plaintiff successfully demonstrate that the Zoning Ordinance in question restricting the Plaintiff's proposed presentation of entertainment is in violation of the First and Fourteenth Amendments to the United States Constitution, then its proposed use would be permitted as a matter of right in its present zoning district as there would be no restriction on adult uses.

21. The Plaintiff is aware of the language in the Zoning Code at issue and understands the difficulty in establishing an alternative location due to the lack of potential sites that comply with the location restrictions in the Zoning Regulations dealing with an "Adult Entertainment Facility". If the Plaintiff could not use its present location due to the Ordinance the Plaintiff would desire to find an alternate location within the City where said use would be permitted.

22. In adopting Table 2.A and § 6.6.1 (Exhibits A & B) and the locational restrictions found therein, no agency of the Defendant, City of Bridgeport, or any of the Defendants to this action conducted a study or made a finding based upon a sufficient evaluation of facts or evidence that the Sections of the Zoning Regulation at issue were justified on the basis of combating "secondary effects" which were perceived to be produced by an "Adult Entertainment Facilities" as it relates to the Plaintiff's proposed form of entertainment.

23. No evidence previously relied upon by any agency of the Defendant, City of Bridgeport, or any of the Defendants to this action supports any rationale or theory regarding any adverse impact for the operation of Plaintiff's proposed business and the

City has never produced or relied upon evidence supporting a link or causal connection between the operating format of the Plaintiff's proposed business and any "secondary effects".

24. Table 2.A and § 6.6.1 (Exhibits A & B) entitled "Adult Entertainment Facilities" has dramatically and unconstitutionally limited the quantity and accessibility of the Plaintiff's protected speech and will not result in any decrease of "secondary effects" not directly proportional to the concomitant reduction in protected speech.

25. The Bridgeport Zoning Regulations which restrict an "Adult Entertainment Facility" without first obtaining a Special Permit or other discretionary approvals were not adopted as a result of conducting any study or making a finding based upon sufficient evaluations of facts or evidence these restrictions as they apply to the Plaintiff's proposed use were justified on the basis of "strict scrutiny" as defined by the United States Supreme Court as it relates to forms of entertainment protected by the First and Fourteenth Amendments to the United States Constitution.

26. The standards for approval of a Special Permit by the City of Bridgeport Planning and Zoning Commission lacks specific standards for approval and, therefore, provides substantial

9

discretion to the Defendant, Commission, for approval of a Special Permit including allowing substantial discretion without specific standards and allows ample discretion in setting conditions for approval of said Special Permit.

27. There are no building lots or buildings within the City of Bridgeport where an "Adult Entertainment Facility" can be established as a matter of right without approval of a Special Permit under 14-4-4 which creates a total zone-out of this type of use.

28. The standards for approval of a Special Permit by the City of Bridgeport Planning and Zoning Commission under § 14-4-4 (Exhibit C) allows unfettered discretion to the Planning and Zoning Commission to mandate any and all conditions for approval.

29. The Plaintiff has submitted a Zoning Application to the Bridgeport Planning and Zoning Commission seeking a Special Permit for its proposed entertainment use and for site plan approval for its proposed entertainment use. The Zoning Department for the City of Bridgeport refused to accept the Application which is addressed to the Commission and said Application was resubmitted by certified mail.

30. The Plaintiff alleges that its proposed use would be

permitted in the event that this constitutional challenge is sustained by the Court. As a result, under § 8-2h of the Connecticut General Statutes, any amendment to the Bridgeport Regulation challenged in this Complaint would have no effect on the Plaintiff and its challenge would not be moot.

31. The Plaintiff is presently chilled as to its First Amendment rights to operate this type of entertainment use within the City of Bridgeport.

### V

### COUNT I

### FIRST CAUSE OF ACTION

**THE REQUIRMENTS IN TABLE 2.A AND § 6.6.1 OF THE BRIDGEPORT ZONING REGULATIONS THAT THE PLAINTIFF'S PROPOSED ENTERTAINMENT USE BE LOCATED ONLY IN A HEAVY INDUSTRIAL DISTRICT, SUBJECT TO THE ISSUANCE OF A SPECIAL PERMIT AS SET FORTH IN § 14-4 OF THE ZONING REGULATIONS WERE ADOPTED WITHOUT SUFFICIENT EVIDENCE OF "SECONDARY EFFECTS" AND IS, THEREFORE, A CONTENT BASED REGULATION AND VIOLATES THE PLAINTIFF'S RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

32. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33. Section 6.6.1 of the Bridgeport Zoning Regulations, defines an "Adult Entertainment Facility" and Table 2.A which restricts said use to Heavy Industrial Districts subject to

11

approval of a Special Permit as found in Section 14-4 of the Bridgeport Zoning Regulation was adopted by the City of Bridgeport Planning and Zoning Commission with insufficient predicate or factual finding or otherwise sufficient evaluation of facts that said provisions were justified on the basis of combating "secondary effects" which were perceived to be produced by an "Adult Entertainment Facility".

34. The adoption of Table 2.A which creates the location restrictions for an "Adult Entertainment Facility" violates the Plaintiff's rights, on its face and as applied to the Plaintiff, under the First and Fourteenth Amendments to the United States Constitution for numerous and various reasons including, but not limited to,

A. It violates the First and Fourteenth Amendments to the United States Constitution in that the restrictions on protected speech and expression do not further a substantial governmental interest, they are not narrowly tailored to directly advance any such interest and that the restrictions upon protected expression are greater than are essential to further governmental interest and they are not supported by any *competent* evidence establishing that such restrictions would be effective in furthering any substantial

12

governmental interest and cannot meet the test established by the United States Supreme Court in City of Los Angeles v. Alameda Books, 535 U.S. 425; 122 S.Ct.1728 (2002); White River Amusement Pub, Inc. v. Town of Hartford, 481 F.2d 163 (2nd Cir. 2007). Said locational restrictions were adopted based upon an insufficient evaluation of facts or evidence that these provisions are justified on the basis of combating "secondary effects" which are perceived to be produced by the Plaintiff's proposed use as defined by the City Zoning Regulations.

B.  It is an impermissible content based restriction in violation of the First and Fourteenth Amendments.

C. It is overbroad in its application to constitutionally protected activities and violates Renton v. Playtime Theaters, 475 U.S. 41 (1986) in that it "fails to offer a reasonable opportunity to open and operate an adult establishment" within the City of Bridgeport.

D.  It violates the Plaintiff's constitutional rights to free speech and expression in that it is overbroad and not narrowly tailored in its restrictions, contrary to the First and Fourteenth Amendments to the United States Constitution.

E. It violates the First and Fourteenth Amendments to the

13

United States Constitution in that the restrictions on protected speech and expression are not necessary to a compelling governmental interest, and they are not the least restrictive means available of accomplishing any asserted governmental role.

F.   It violates the First and Fourteenth Amendments to the United States Constitution by placing impermissible restrictions on the content of performance dance entertainment.

G.   It was not enacted upon a proper basis, nor supported by competent and material evidence.

H.   It unduly, impermissibly, and unconstitutionally restricts the ability of individuals and businesses to engage in First Amendment protected activities within the City of Bridgeport.

35.   The Plaintiff, 500 North Avenue LLC's, proposed entertainment use, as defined in Paragraph 13 of this Complaint, is presumptively protected by the First Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment to the United States Constitution.

36. Under color of law, as alleged above, the Defendants, by enforcing the aforementioned Zoning Regulation concerning prohibition against these forms of entertainment has deprived the Plaintiff of a right guaranteed by the United States Constitution

14

as alleged above.

**COUNT II**

**SECOND CAUSE OF ACTION**

**SECTION 14-4 OF THE BRIDGEPORT ZONING REGULATION VIOLATES
PLAINTIFF'S RIGHTS FACIALLY AND AS APPLIED IN VIOLATION OF THE
FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION IN THAT THEY
CONSTITUTE AN UNCONSTITUTIONAL PRIOR RESTRAINT**

37.   Plaintiff, 500 North Avenue LLC, incorporates Paragraphs 1 though 36 of this Complaint by reference as if fully set forth herein.

38. Section 14-4 of the City of Bridgeport Zoning Regulation, as it pertains to the Plaintiff's business as an "Adult Entertainment Facility", violates the guarantees of free speech under the First Amendment to the United States Constitution, both on its face and as applied to the Plaintiff, because, in the licensing speech, it vests unbridled discretion in the licensing officials and, in addition, allows unbridled discretion in imposing whatever conditions they deem necessary and, therefore, is an unlawful prior restraint under the First Amendment to the United States Constitution.

39.   Under color of law, as alleged above, the City of Bridgeport and the other Defendants, by enforcing the requirement of a Special Permit, therefore prohibiting the Plaintiff from

15

exhibiting his proposed form of entertainment without obtaining a special permit, has deprived the Plaintiff of a right guaranteed by the First Amendment to the United States Constitution as alleged above.

COUNT III

THIRD CAUSE OF ACTION

**THE BRIDGEPORT ZONING REGULATIONS (TABLE 2-A AND SECTION 6.6.1) WHICH RESTRICT THE LOCATIONS OF ALL LIVE ENTERTAINMENT WITHOUT FIRST OBTAINING A SPECIAL PERMIT AND AN "ADULT ENTERTAINMENT FACILITY" TO HEAVY INDUSTRIAL DISTRICT SUBJECT TO OBTAINING A SPECIAL PERMIT PURSUANT TO SECTION 14-4 OF THE REGULATIONS VIOLATES THE PLAINTIFF'S RIGHTS, BOTH FACIALLY AND AS APPLIED, UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN THAT IT FAILS TO PROVIDE FOR ALTERNATIVE AVENUES OF COMMUNICATIONS**

40. The previous paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

41. The Plaintiff's intended entertainment use as defined in Paragraph 13 of this Complaint, fails to provide for "alternative avenues of communication" and further acts as an unconstitutional restriction on the locations where an "adult entertainment facility" may locate within the City, as a matter of right, thereby not allowing the Plaintiff a reasonable opportunity to open and operate its business within the City in violation of the test put

16

forth by the United States Supreme Court in the case of <u>City of Renton v. Playtime Theaters</u>, 475 U.S. 50 (1984) and its prodigy.

42. Plaintiff contends that Table 2.A and § 6.6.1 (Exhibits A & B) violates the guarantees of free speech, press and expression contained in the First Amendment to the United States Constitution. Plaintiff is informed and believes and thereon alleges that the Defendants believe and would contend that the Regulation is valid in its entirety.

## COUNT IV

### REQUEST FOR INJUNCTIVE RELIEF

43. Plaintiff, 500 North Avenue LLC, repeats and incorporates Paragraphs 1 though 42 of this Complaint by reference as if fully set forth herein.

44. Unless restrained by this Court, Defendants will continue to enforce the Ordinance against Plaintiff, as a result of which Plaintiff's constitutional rights for engaging in the constitutionally protected expressive activity as described above will be chilled.

45. The Plaintiff has no adequate remedy at law and will suffer irreparable damage as said Ordinance will be enforced against the Plaintiff herein.

### COUNT V

17

## DAMAGES

46. Plaintiff, 500 North Avenue LLC, repeats and incorporates Paragraphs 1 though 45 of this Complaint by reference as if fully set forth herein.

47. As a direct and proximate result of the enactment of the Ordinance and its unconstitutional and unlawful application and enforcement by the Defendant against the Plaintiff, Plaintiff has incurred and suffered significant and substantial damages, and will in the future suffer further significant and substantial damages, including but not limited to loss of constitutional rights, loss of earnings, lost business profits, loss of business reputation, having to pay unconstitutional licensing fees, and having to incur costs and attorney fees in seeking protection of his constitutional rights asserted herein. Pursuant to 42 U.S.C. § 1983 and common law, Plaintiff is therefore entitled to damages for the deprivations of his constitutional rights.

## COUNT VI

## FOURTH CAUSE OF ACTION

**ON THE RECORD ADMINISTRATIVE APPEAL OF SPECIAL CONDITIONS FOR APPROVAL OF SPECIAL PERMIT TO OPERATE A RESTAURANT WITH THE SALE OF ALCOHOLIC BEVERAGES BY USE OF A SERVICE BAR WHICH APPEAL IS TAKEN PURSUANT TO § 8-8 OF THE CONNECTICUT GENERAL STATUTES**

48. Paragraphs 1 through 47 are incorporated by reference as

18

if fully set forth herein.

49.   This Court has jurisdiction to review the decision of the Bridgeport Planning and Zoning Commission pursuant to 28 U.S.C. § 1367, as construed in Chicago v. Illinois College of Surgeons, 522 U.S. 156 (1997).   Plaintiff hereby seeks review under state law (§ 8-8 of the Connecticut General Statutes) of the decision of the Planning and Zoning Commission rendered on July 26, 2010 which gave approval of the Plaintiff's Application for a Special Use Permit with special conditions that the Plaintiff can operate a restaurant with the sale of alcoholic beverages with a service bar.

50.   Plaintiff is the owner of real property known as 500 North Avenue, Bridgeport, Connecticut (hereinafter known as the "property").

51.   The property is located in a Mixed Use - Light Industrial (MU-LI) District.

52.   On or about February 25, 2010 the Plaintiff, by its attorney and authorized agent, Charles J. Willinger, Jr., filed an Application with the Board requesting a Special Permit as required by § 14-4 of the Zoning Regulations for the City of Bridgeport. Said Application was filed for the purpose of seeking approval for a full service restaurant, service bar for sale of alcoholic

19

beverages and billiard parlor.

53.   On July 26, 2010 a public hearing was held on the Application.

54.   At the conclusion of the July 26, 2010 hearing, the Board approved of the Plaintiff's Application for a Special Permit with special conditions.   The special conditions listed by the Commission are: 1) A floor to ceiling solid wall shall be erected separating the bar area from the dining room; 2) The exterior of the building and site shall be developed in strict accord with the plans approved by the Commission and held on file in the Zoning Department; 3) The installation and or use of any pool tables, billiard tables or amusement machines are strictly prohibited; 4) Entertainment shall be limited to pre-recorded and acoustical musical (non-amplified) only; 5) Adult entertainment as described in Sec. 6-6-1 is strictly prohibited; and 6) The petitioner is to submit plans and applications for the issuance of a Building Permit and Certificate of Zoning Compliance. (See Exhibit C attached hereto)

55.   Pursuant to the Regulations of the Department of Consumer Protection, Liquor Control Division, a wall of at least six (6) feet is required to separate a bar from a restaurant area, however,

said Regulation does not require the wall to be floor to ceiling and further constructed as a solid wall. The purpose of the State Regulation is to provide a barrier between a restaurant and a bar area and is not required to be constructed as a solid, floor to ceiling wall.

56. The special condition prohibiting the use of pool tables, billiard tables constitutes an unreasonable special condition in that the use of pool tables, billiard tables is not otherwise regulated by the City of Bridgeport Zoning Regulations.

57. The restriction of the type of entertainment to be utilized by the Plaintiff at its restaurant is in violation of the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and, therefore, constitutes an unreasonable and illegal condition as well as violating the Plaintiff's rights under said First and Fourteenth Amendments to the United States Constitution.

58. The prohibition of "adult entertainment" as described in the Commission's decision is an illegal special condition in that it violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

59. In approving the Application with the special conditions

21

prohibiting the use of billiard tables and requiring floor to ceiling solid wall separating the restaurant from the bar area and restricting the type of entertainment, the Board acted illegally, arbitrarily and in abuse of its discretion vested in it in one (1) or more of the following ways:

     a.   Special conditions 1-5 constituted an unreasonable condition in light of the facts submitted as part of the Application.

     b.   The Board, in its decision mandating special conditions, addressed issues which were never raised at the public hearing and, therefore, the review process deprived the Plaintiff of due process of law in what has been defined in Connecticut Administrative Appeals as "fundamental fairness" in that it failed to provide the Plaintiff at any stage of the hearing process an opportunity to address issues relating to the requirement of the special conditions made part of the approval of the Plaintiff's Application. The issues relating to the special conditions were never addressed during the public hearing and Plaintiff had no opportunity to respond.

     c.   The decision mandating the special conditions was not based upon substantial evidence that said special conditions were

required.

d.  In approving the special conditions the Board relied upon and based its decision upon facts and information not contained in the record or improperly, erroneously or incorrectly presented to the Board at the hearing.

e.  In approving the special conditions, the Board relied upon and based its decision upon factors not contained in the Connecticut General Statutes or the City of Bridgeport Zoning Regulations.

f.  In approving the special conditions, the Board ignored the testimony and evidence presented by the Plaintiff at the public hearing, which evidence was not refuted.

g.  Special conditions 4-5 which restrict the type of entertainment to be utilized by the Plaintiff at its restaurant violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and, therefore, constitutes illegal conditions as well as being an unreasonable condition under the facts submitted by the Plaintiff herein at the Administrative hearing.

h.  Plaintiff seeks a declaration that the prohibition of adult entertainment as described in § 6.6.1 of the Bridgeport

Zoning Regulations is unconstitutional in that it violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. This claim for relief for declaratory ruling joined with an Administrative Appeal is consistent with Stafford Higgins Industries v. City of Norwalk, 245 Conn. 551 (1998).

60. Notice of the Board's decision was published in the Connecticut Post, a local newspaper on July 31, 2010.

61. The Plaintiff is both statutorily and classically aggrieved by the Commission's final decision requiring special conditions to the approval of its Application for a Special Permit.

## RELIEF SOUGHT

Wherefore, Plaintiff prays that the Court grant the following relief:

1. A permanent injunction enjoining all of the Defendants herein from enforcing Table 2.A and Section 6.6.1 of the City of Bridgeport Zoning Regulations as amended against the Plaintiff.

2. A declaratory judgment that Table 2.A and Section 6.6.1 as amended of the City of Bridgeport Zoning Regulations as amended violate the Plaintiff's rights to exhibit its proposed form of

24

entertainment as alleged in its Complaint are unconstitutional and, therefore, null and void, in violation of the First Amendment to the United States Constitution.

  3. Reasonable attorney fees pursuant to § 42 U.S.C. 1988.

  4. Damages.

  5. The Plaintiff's Appeal be sustained.

  6. That the Court Order that the Plaintiff's Special Permit be approved without special conditions numbers 1 - 5 as listed in Exhibit C.

     Respectfully submitted,

      By_____
       Daniel A. Silver
       Silver & Silver LLP
       One Liberty Square
       New Britain, CT 06051
       phone (860) 225-3518
       fax (860) 348-0612
       ct 08183
       Daniel@lawsilver.com

# EXHIBIT A

NOTE:
For each listed use, refer also to Table 5 and Table 6, Use Classifications.

| PRINCIPAL PERMITTED and SPECIAL PERMIT USES | ZONES | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | OR-I | OR-G | OR-R | LH | L | MU-EM | MU-W | MU-LI | ZP | PDD |
| **OFFICE** | | | | | | | | | | |
| Up to 5,000 sf | P | P | P (1) | P | P | P | P | P | N | P |
| 5,001 to 10,000 sf | P | P | P (1) | SP | SP | SP | P | P | N | P |
| 10,001 to 20,000 sf | SP | P | P (1) | N | SP | SP | P | P | N | P |

NOTE: Office use that is accessory to other principal uses on site is not subject to the square footage limits above.

| **COMMERCIAL AND RETAIL** | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Adult entertainment | N | N | N | SP | N | N | N | N | N | N |
| Commercial parking | SP | SP | SP | N | N | P | P | SP | N | N |
| Entertainment, restaurant, or recreation trade | SP | SP | SP | SP | SP | SP | P | SP | N | P |
| Major entertainment facility | N | SP | SP | SP | SP | N | N | N · | N | N |
| Marine Craft and Marinas | N | SP | N (2) | P | P | N | P | P | N | P |
| Membership club | P | P | SP | P | P | P | P | P | N | P |
| Outdoor recreation, commercial | N | P | P | N | SP | N | SP | N | N | P |
| Radio and TV broadcast facility | N | N | SP | N | N | N | SP | P | N | N |
| Retail trade: | | | | | | | | | | |
| General sales and services, non-automotive: | | | | | | | | | | |
| Up to 10,000 sf | P | P | P | SP | SP | SP | P | P | N | P |
| 10,001 sf and above | SP | SP | SP | SP | SP | SP | P | P | N | P |
| Automotive sales and service | N | SP | SP | P | P | N | N | P | N | N |
| Marine craft: sales, leasing, service, upland storage | N | N | SP | P | P | N | SP | P | N | P |
| Short-term lodging | N | SP | SP | N | N | SP | P | SP | N | N |
| Vehicle repair facility, heavy | N | SP | SP | P | P | N | N | SP | N | N |
| Vehicle repair facility, light | N | SP | SP | P | P | N | N | P | N | P |
| Wholesale trade | N | SP | P | P | P | N | N | P | N | N |

| **INSTITUTIONAL, PUBLIC AND QUASI-PUBLIC** | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| College and university | N | SP | SP | N | N | P | N | N | N | N |
| Communication facility or use | N | N | N | P | P | N | N | P | N | P |
| Community facility | P | P | P | N | N | P | P | N | N | P |
| Day care center | P | P | P | N | N | P | P | SP | N | N |
| Detention facility | N | N | SP | P | SP | N | N | N | N | N |
| Institutional use | N | N | N | N | SP | N | N | P | P | N |
| Institutional facility and service | N | N | N | N | N | SP | N | P | P | N |
| Medical center | N | SP | SP | N | N | P | N | N | N | N |
| Museum | N | N | N | N | N | N | SP | P | P | P |
| Park and open area | P | P | P | N | N | P | P | P | P | N |
| Passenger terminal | N | N | SP | SP | SP | N | SP | N | N | N |
| Public facility and service, government-owned | P | P | P | N | N | N | P | P | N | N |
| Public safety and emergency service | P | P | P | P | P | P | P | P | N | P |
| Rail line and utility corridor | SP | P | P | N | N | P | N | P | N | N |
| Railroad yard | N | N | N | N | N | N | N | N | N | N |
| Religious institution: house of worship | SP | P | P | N | N | P | N | SP | N | N |
| School | P | P | P | N | N | P | N | N | N | N |
| Social service provider | SP | SP | SP | N | N | SP | N | SP | N | N |
| Transportation | N | N | N | P | P | N | N | N | N | P |
| Utility services | P | P | P | P | P | P | SP | P | N | N |

CONTINUED ON NEXT PAGE

**NOTE:**

For each listed use, refer also to Table 5 and Table 6, Use Classifications.
For I-H and I-L zones, industrial uses are further specified as high or low impact.
See Table 6.3.7, Industrial Use Classification: High Impact and Low Impact Uses.

| PRINCIPAL PERMITTED and SPECIAL PERMIT USES | ZONES | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | OR-I | OR-G | OR-R | I-H | I-L | MU-EM | MU-W | MU-LI | ZP | FDD |
| **INDUSTRIAL** | | | | | | | | | | |
| Industry | N | N | N | N | N | N | N (3) | N | N | P |
| Industrial service | N | N | N | P | SP | N | N | P | N | N |
| Manufacturing/Processing | | | | | | | | | | |
|   High impact | N | N | N | SP | SP | N | N | N | N | N |
|   Low impact | N | N | N | SP | SP | N | N | P | N | N |
| Resource production/extraction | | | | | | | | | | |
|   High impact | N | N | N | SP | N | N | N | N | N | N |
|   Low impact | N | N | N | SP | SP | N | N | N | N | N |
| Warehousing/freight storage | | | | | | | | | | |
|   High impact | N | N | N | P | SP | N | N | P | N | N |
|   Low impact | N | N | N | P | SP | N | N | P | N | N |
| Waste-processing and transfer | | | | | | | | | | |
|   High impact | N | N | N | N | N | N | N | N | N | N |
|   Low impact | N | N | N | SP | SP | N | N | N | N | N |
| Use with heavy trucks or equipment | N | N | SP (4) | N | N | N | N | N | N | N |
| **RESIDENTIAL** | | | | | | | | | | |
| Group living | SP | SP | SP | N | N | SP | N | N | N | n.a. |
| Household living | P (5) | P (5) | P (5) | N | N | P | P | SP(5) | N | P |
| **ACCESSORY** | | | | | | | | | | |
| Customary accessory uses | A | A | A | A | A | A | A | A | A | A |
| Food service establishment for staff | A | A | A | A | A | A | A | A | A | A |

**NOTES:**
1. Retail shall be required on the ground floor of all primary frontages, not to the exclusion of lobbies and entrances.
2. If property abuts waterfront, a marina may be allowed by special permit.
3. Water-dependent uses shall be allowed, along with their upland support (such as restrooms, parking, and marine retail.)
4. Heavy truck or equipment use requires a special permit.
5. One- and two-family structures are not allowed. Upper floor residential units and multi-family structures are allowed.

**KEY:**   P   Principal permitted use      N  Use is prohibited     SP  Special Permit Use    A  Accessory

# EXHIBIT B

## 6.6    MISCELLANEOUS USES

### 6.6.1   Adult Entertainment Facilities

Establishments, whether public or by membership, including bookstores, bars, restaurants, movie theaters, and arcades where films are shown, or digital video discs, videotapes, or other forms of electronic media, or magazines, books, or other printed matter are sold, or live performances take place, that are characterized by an emphasis upon the depiction or exposure of Specified Sexual Activities or Specified Anatomical Areas.    Massage parlors where services are not administered by a licensed medical practitioner, chiropractor, acupuncturist, therapist or similar person licensed by the state are also included in this Use Category.

**Uses**

Adult motion picture arcades
Adult bookstores and videostores
Adult cabarets
Adult motion picture theaters
Adult theaters
Bars featuring "topless" or "exotic" dancers or strip-tease performances
Massage parlors

# EXHIBIT C



*City of Bridgeport*
Zoning Department
PLANNING & ECONOMIC DEVELOPMENT
45 Lyon Terrace • Bridgeport, Connecticut 06604
Telephone (203) 576-7217
Fax (203) 576-7213

August 6, 2010

500 NORTH AVENUE, LLC
C/O CHARLES WILLINGER
ATTORNEY AT LAW
855 MAIN STREET, FLOOR 5
BRIDGEPORT, CT 06604
FILE #10-27

RE:  436, 472, & 500 NORTH AVENUE – Petition of 500 North Avenue, LLC –
Seeking a Special Permit under Sec. 14-4 and a Site Plan Review under Sec. 14-2 to
permit the construction of a 5533 s.f. +/- building to be occupied by a full service
restaurant with consumer bar and billiard tables of 4533 s.f. +/- and a separate 1000 s.f.
+/- retail storefront in the MU-LI zone.

Dear Petitioner:

At a Public Hearing on Monday, July 26, 2010 the Planning & Zoning Commission
decided the following:

DECISION: Approved with Conditions

Subject to the following conditions:
1. A floor to ceiling solid wall shall be erected separating the bar area from the
   dining room.
2. The exterior of the building and site shall be developed in strict accord with the
   plans approved by the Commission and held on file in the Zoning Department.
3. The installation and or use of any pool tables, billiard tables or amusement
   machines are strictly prohibited.
4. Entertainment shall be limited to pre-recorded and acoustical musical (non-
   amplified) only.
5. Adult entertainment as described in Sec. 6-6-1 is strictly prohibited.
6. The petitioner is to submit plans and applications for the issuance of a Building
   Permit and Certificate of Zoning Compliance.

REASONS:
1. Provides a neighborhood service.
2. Complies with the standards of Sections 14-2 & 14-4

The expiration date of the Special Permit approval, as required under Sec. 14-4-5 of the Zoning Regulations of the City of Bridgeport, CT has been established as August 15, 2011.

Cordially,

Dennis Buckley, Clerk
Planning & Zoning Commission

DB/gb

Enc: 1

# EXHIBIT D

## Section 14-4  Special Permit

### 14-4-1  Submittal Requirements:

a. **General:** An application for Special Permit approval may be submitted by the owner of the property, a holder of a legal interest in the subject property, or the owner's or holder's agent. The application shall be submitted to the Planning and Zoning Commission on a form provided by the Commission, together with: (1) all submittal requirements for Site Plan review as set forth in Section 14-2, Site Plan Review; (2) the requisite filing fee for review of the special permit application, as set and amended by the City Council; and (3) any other information that the Commission may request and deem necessary for a proper view of the application.

b. **Location of Structures:** The submission of a view shed analysis which indicates the visual impact of the placement of the proposed structure by indicating what view would be blocked when the structure is viewed within a one-half mile radius of the proposed location shall be required for any application to site an outdoor advertising sign or on-premise sign that measures a minimum of three-hundred (300) square feet.

### 14-4-2  Procedures:

Application review and disposition shall be conducted by the Planning and Zoning Commission in accordance with the following:

a. **Receipt and Completeness:** Upon a finding at any time that an application is incomplete, the Planning and Zoning Commission shall notify the applicant of the manner in which the application is incomplete. The Commission may return an incomplete application or waive the requirement under which the application was found lacking.

b. **Referrals:** To assist with its consideration of an application, the Planning and Zoning Commission may refer the application to any department, agency or official it deems appropriate, to review and comment upon those matters which are the concern or responsibility of such department, agency or official.

c. **Public Hearing Required:** Prior to the disposition of an application by the Planning and Zoning Commission, a public hearing noticed in accordance with the requirements of Section 8-3 of the General Statutes shall be held. At the public hearing all interested persons shall be given the opportunity to be heard on the proposed special permit. Notice of the public hearing on an application for a special permit shall be sent by the applicant by certified mail return receipt requested to all abutting property owners at least ten days prior to the public hearing thereon.

d. **Review and Disposition:** Following the close of the public hearing on an application, the Planning and Zoning Commission shall deliberate at a meeting open to the public as to whether the proposed development meets all applicable standards.  Following deliberation, the Commission shall approve, approve with conditions, or deny the application. The Commission

shall act upon the application in accordance with the timing requirements of Section 8-7d of the General Statutes. The decision of the Commission shall be in writing and shall set forth the reasons for any condition imposed or for a denial.

14-4-3 **Conditions:** In granting a Special Permit, the Planning and Zoning Commission may impose such additional conditions on the proposed development as it deems necessary to conform to the requirements of Section 14-4-4, Special Permit Standards.

14-4-4 **Special Permit Standards:** No application for a special permit shall be granted until the Planning and Zoning Commission has made the following findings:

a. The Special Permit use(s) and Site Plan are compatible with and implement the objectives and policies of Bridgeport's Master Plan of Conservation and Development;

b. The Special Permit use(s) and Site Plan will not impair the future development of the surrounding area;

c. The height and bulk of buildings in the application proposal are consistent with the Master Plan and applicable Development Standards, internally compatible, and compatible with other structures in the vicinity and the character of the surrounding area;

d. The proposal includes adequate safeguards to protect adjacent property and the neighborhood in general from any detrimental impacts the proposed use might otherwise have;

e. Any environmental impacts to Long Island Sound are appropriately mitigated;

f. In the case of any proposed special permit use located in, or directly adjacent to, a residential district, the location and size of such use, the nature and intensity of operations involved in or conducted in connection therewith, its site layout and its relation to access streets shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection therewith will not be incongruous with residential uses,' and will not present an undue hazard or inconvenience to residents;

g. In the case of the siting of a new outdoor advertising sign or on-premises roof sign, or the relocation or replacement of an existing outdoor advertising sign or on-premises roof sign, the proposed sign at the proposed location, when viewed from any residentially zoned property within a one-half mile radius of the proposed sign location will not eliminate or reduce by more than twenty-five (25) percent the view of a significant natural or local feature, as set forth in Section 11-7-3;

h. The proposed use will not tend to depreciate property values and the character and extent of development of adjoining properties; and

i. The special permit use will not be disruptive to or cause conflicts with existing

uses within the immediate vicinity.

14-4-5 **Expiration of Special Permit Approval:** Special permit approval shall expire twelve (12) months from the date of approval unless a full building permit has been issued and construction has commenced and is being diligently pursued, or an application for extension has been received by the Planning and Zoning Commission. Denial of an application for the extension of a special permit approval shall result in termination of the special permit approval.

## Section 14-5 General Development Plan (GDP)

14-5-1 **Purpose:** The purpose of this section is to establish the zoning criteria, standards, and design parameters for a Planned Development District (PDD), including the Site Plan, general development standards, proposed uses, and phasing.

14-5-2 **General Development Plan Review Required:**

    a. GDP review by the Planning and Zoning Commission is required for all applications made in accordance with Section 9-4. The GDP for the subject property shall be sufficiently detailed to permit the Commission to make the findings required by Section 9-4-3b in re-zoning the property to PDD and together with the application of the PDD regulations to an Eligible Property, constitutes the change of zone request.

    b. GDP review shall constitute the site plan review procedures contained in Section 14-2-5, Site Plan Review Standards, unless the proposed GDP is located within 100 feet of an R-A or R-AA zone, in which case procedures in Section 14-2-5 would prevail.

14-5-3 **Submittal Requirements:** An application for a GDP approval within a PDD shall be submitted on a form as required by the Planning and Zoning Commission with the number of copies as determined by the Zoning Office, together with: (1) the appropriate filing fee; and (2) any other information that the Commission may request and deem necessary for a proper review of the application including but not limited to, copies of the following:

    a. **Existing Conditions Map:** Location and size of property including a boundary map with an accuracy meeting or exceeding the standards for a Class A-2 survey. Said map is to show the precise boundaries of the PDD as well as the boundaries of any designated wetlands areas, or other significant environmental features, all present land uses and improvements, and all present roads and/or rights-of-way, and all FEMA Flood Insurance Rate Map ("FEMA FIRM") coastal flood designations;

    b. **Conceptual Land Use Plan:** Proposed uses, proposed locations of any and all buildings, parking lots, miscellaneous structures, and other uses as required, and the acreage dedicated to the specific uses. The establishment

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

500 NORTH AVENUE, LLC, a
Connecticut Limited Liability Company  :  CASE NO.

          Plaintiff

vs.                                     :

THE CITY OF BRIDGEPORT, CONNECTICUT,
a Municipal Corporation; and            :    AUGUST 10, 2010
DENNIS BUCKLEY in his official
capacity as Zoning Official and the     :
Bridgeport Planning and Zoning
Commission                              :

          Defendants

## RECOGNIZANCE AS TO COUNT VI ADMINISTRATIVE APPEAL AGAINST THE DEFENDANT, BRIDGEPORT PLANNING AND ZONING COMMISSION

The Plaintiff, as principal and Anita Silver of

Wethersfield, Connecticut, as surety, acknowledge themselves

jointly and severally bound unto the Defendants in a

recognizance of Two Hundred Fifty ($250.00) Dollars that the

Plaintiff shall prosecute this action to full effect, and

that the Plaintiff shall pay any costs for which judgment may

be rendered against it thereon.

Daniel A. Silver
Silver & Silver LLP
One Liberty Square
New Britain, CT 06051
phone (860) 225-3518
fax (860) 348-0612
ct 08183
Daniel@lawsilver.com